RINES REAL ESTATE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13157, 28117.   Promulgated July 16, 1928.

*A. J. Aldridge, Esq.*, and *Ralph G. Stetson*, C. P. A., for the petitioner.

*A. S. Lisenby, Esq.*, for the respondent.

▮▮▮▮▮▮▮▮▮▮▮

## OPINION.

MURDOCK: At the conclusion of the hearing in this case counsel for the respondent moved to amend the answer to conform to the proof and " aver that the invested capital of the petitioner for the years 1920 and 1921 should be reduced by the depreciation accumulated upon the properties up to 1920, under section 331 of the Revenue Act of 1918." Counsel for the petitioner strenuously opposed this motion, claimed surprise and the right to a further hearing in case the issue of invested capital was thus raised. The motion was taken under advisement until the evidence could be fully considered.

If the petitioner were contending that the Commissioner had reduced its invested capital excessively on account of alleged depreciation of assets in the hands of prior owners who had exchanged their property for stock, we would not disturb the Commissioner's determination unless the evidence disclosed not only an error on the part of the Commissioner, but also sufficient facts to enable us to know what should be done to improve the situation. No less burden or duty is upon the respondent when he makes affirmative allegations in support of an issue which he raises. Were we to grant the respondent's motion to amend, nevertheless, from the evidence we would not be justified in reducing invested capital for the years in question. We do not know when the property was turned over to the petitioner nor the amount which represents depreciation of the property in the hands of the prior owners. There is no satisfactory evidence on either of these points. Indeed it is doubtful whether we could hold that an interest of 50 per cent or more in the property which changed ownership remained in the same persons. The motion to amend to conform to the proof is hereby denied.

The contention of the petitioner is that it is entitled to a deduction under section 234(a) (7) of the Revenue Acts of 1918 and 1921. The Commissioner has denied *in toto* the deductions claimed by the petitioner under these sections, which provide that a taxpayer is entitled

to deduct from income " a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." Where property has been acquired since March 1, 1913, the basis for this reasonable allowance is the cost to the taxpayer. An aliquot part of such cost, arrived at by dividing the cost by the number of years of probable useful life of the asset, has been held to be a reasonable allowance. The petitioner apparently set out to prove the factors necessary to compute in this way a reasonable allowance, but it never proved the cost of the assets to it. It proved cost to the prior owners, but that is not the cost to the petitioner. In the course of the trial, counsel for the petitioner said he would later show the value of the assets at the time they were transferred to the petitioner, but he did not do so. Thus we can not compute a proper allowance for any year in question and we will not disturb the Commissioner's determination. The deficiencies for each of the years in question are the amounts which the Commissioner has determined, as set forth in the opening statement of this decision.

> *Judgment will be entered in accordance with the foregoing opinion.*